IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Karen Ann McCall, | C/A No. 0:11-2714-CMC-PJG |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Catherine Kendall, *Superintendent of Leath Correctional Institution*, | |
| Respondent. | |

The petitioner, Karen Ann McCall ("McCall"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 19.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the respondent's motion. (ECF No. 20.) McCall filed a response in opposition. (ECF No. 26.) Having carefully considered the parties' submissions and the record in this case, the court finds that McCall's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

McCall was indicted in March 2001 in Anderson County for armed robbery, possession of a firearm during a violent crime, two counts of assault and battery with intent to kill, four counts of assault with intent to kill, criminal conspiracy, resisting arrest with a deadly weapon, and failure to stop for a blue light. (App. at 898-917, ECF No. 18-8 at 23-42.) McCall was represented by Robert

Page 1 of 10

PJG

Gamble, Esquire, and on May 24, 2002 was tried by a jury and found guilty of armed robbery, assault and battery with intent to kill, assault and battery of a high and aggravated nature, three counts of assault with intent to kill, criminal conspiracy, resisting arrest with a deadly weapon, and failure to stop for a blue light. (App. at 794-98, ECF No. 18-7 at 44-48.) The circuit court sentenced McCall to twenty years' imprisonment for armed robbery, twenty years' imprisonment for assault and battery with intent to kill, ten years' imprisonment for assault and battery of a high and aggravated nature, ten years' imprisonment for each of the three counts of assault with intent to kill, five years' imprisonment for criminal conspiracy, ten years' imprisonment for resisting arrest with a deadly weapon, and three years' imprisonment for failure to stop for a blue light, all sentences to be served concurrently. (App. at 803-04, ECF No. 18-7 at 53-54.)

McCall timely appealed and was represented by Wanda H. Haile, Esquire, who filed a final brief on McCall's behalf. (ECF No. 18-9.) On March 21, 2005, the South Carolina Court of Appeals affirmed McCall's convictions and sentences. (State v. McCall, 612 S.E.2d 453 (S.C. Ct. App. 2005), App. at 934-37, ECF No. 18-8 at 59-62.) McCall filed a petition for rehearing, which the South Carolina Court of Appeals denied on May 19, 2005. (ECF No. 18-11.) The remittitur was issued on October 24, 2006. (ECF No. 18-15.) Prior to the issuance of the remittitur, McCall filed a petition for a writ of certiorari with the South Carolina Supreme Court. (ECF No. 18-12.) The South Carolina Supreme Court denied McCall's petition by letter order on October 19, 2006. (ECF No. 18-14.) McCall filed a *pro se* petition for a writ of certiorari with the United States Supreme Court, which was denied on March 26, 2007. (ECF Nos. 18-19 & 18-20.)

McCall filed a *pro se* application for post-conviction relief ("PCR") on February 9, 2007. (McCall v. State of South Carolina, 07-CP-04-439, App. at 807-27, ECF No. 18-7 at 57-77.) On



July 24, 2008, the PCR court held an evidentiary hearing at which McCall appeared and testified and was represented by M. Anderson Horne, Esquire. By order filed September 2, 2008, the PCR judge denied and dismissed McCall's PCR application with prejudice. (App. at 888-97, ECF No. 18-8 at 13-22.)

McCall, represented by LaNelle Cantey DuRant, Esquire, appealed the decision of the PCR court by filing a petition for a writ of certiorari with the South Carolina Supreme Court. (ECF No. 18-21.) McCall also sought to file a *pro se* brief, which the South Carolina Supreme Court denied by order dated October 6, 2009. (ECF Nos. 18-23 & 18-25.) McCall then filed a motion to be relieved of her counsel and to be appointed "standby counsel," which was denied. (ECF Nos. 18-26 & 18-27.) By letter order dated May 27, 2010, the South Carolina Supreme Court denied McCall's petition for a writ of certiorari. (ECF No. 18-28.) The remittitur was issued June 15, 2010. (ECF No. 18-29.) McCall filed the instant Petition for a writ of habeas corpus on October 6, 2011.[1] (ECF No. 1.)

---

[1] This date reflects the date that McCall's Petition was received by the Clerk of Court. The court observes that there is no stamp from the prison mailroom on the envelope containing the Petition. Additionally, based on the return address and the postmark zip code, it appears that McCall's Petition was not mailed from the prison. (See ECF No. 1-5 at 1.) Accordingly, McCall is not entitled to the holding in Houston v. Lack, which found that, to protect the rights of prisoners who have no control over the processing of papers delivered to prison officials for mailing, the filing date for statute of limitations purposes is deemed to be the date that the petition is delivered to the prison mail room. See Houston v. Lack, 487 U.S. 266, 270-72, 276 (1988); Knickerbocker v. Artuz, 271 F.3d 35, 37 (2d Cir. 2001) ("We join the other circuits that have addressed this issue by holding that the prison mailbox rule established in Houston does not apply where a *pro se* prisoner delivers his notice of appeal to someone outside the prison system for forwarding to the court clerk.").

PJG

## FEDERAL HABEAS ISSUES

McCall raises the following grounds in her federal Petition for a writ of habeas corpus:

**Ground One:** Government failed to meet burden of proof of all elements of crime(s) beyond a reasonable doubt.
    Supporting facts: Counsel failed to argue innocence, nor object to issues below. Trial Court placed burden of proof on defendant, by instructing jury that she had to prove duress. Govt. atty reinforced above, by wrongfully instructing jury[.] Court charged jury that government did not need to prove guilt, but only had to "show" or "establish guilt"[.]

**Ground Two:** Prosecutorial Misconduct
    Supporting facts: Falsely claimed officer was "shot" to jury p508[.] Falsely misquoted psychologist on veracity " " Falsely told jury that the number of shell casings was the number of shots fired 508-9, 589, 721, 435, 446. Misquoted expert on question of veracity p. 653, 725, 646[.] Facts not in Evidence.

**Ground Three:** Prosecutor ridiculed defendant's right to remain silent (Fifth Amendment to U.S. Const.) and credability[.]
    Supporting facts: 5th Amend. / Veracity pp: 569, 568, 570, 571, 572, 575, 576, 577, 578, 579, 582, 584, 586, 586(again), 588, 591, 595, 602, p. 594 at 9-19[.]

**Ground Four:** Prosecutor vouched for her witnesses properly a jury question[.]
    Supporting facts: pp 714, 718, 719, 720, 722, 726[.]

(See ECF No. 1) (errors in original).

## DISCUSSION

**A. Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

*PJG*

evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Statute of Limitations**

The respondent argues that McCall's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because McCall filed a direct appeal and sought certiorari review with the United States Supreme Court, her conviction became final following the United States Supreme Court's ruling on her petition for a writ of certiorari. 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question). Prior to the Supreme Court's decision, however, on February 9, 2007 McCall filed her state PCR application, thereby tolling her statute of limitations period. The period of limitations remained tolled during the pendency of McCall's PCR action until June 15, 2010, when the South Carolina Supreme Court issued the remittitur from its order denying McCall's certiorari petition. Accordingly, McCall had one year from the date when the South Carolina Supreme Court issued the remittitur from its order denying McCall's certiorari petition to file her federal habeas petition. McCall's limitations period began to run on June 16, 2010 and expired on June 15, 2011, unless the period was at any time tolled for any properly filed state PCR application or other collateral review. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

McCall's federal Petition was filed on October 6, 2011—over three months after the expiration of the statute of limitations.



C.  **McCall's Arguments**

In her opposition memorandum to the respondent's motion, McCall appears to argue that she has diligently pursued her rights and is entitled to equitable tolling due to her counsel's failure to notify her of the South Carolina Supreme Court's decision with regard to her petition for a writ of certiorari on her PCR action. (ECF No. 26 at 4-5.) She also appears to argue that, by moving the South Carolina Supreme Court to be relieved of counsel, the delay in filing her Petition is "not chargeable to her." (Id. at 5.)

To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, McCall must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 130 S. Ct. 2549 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

PJG

McCall has not established grounds for equitable tolling. Even assuming without deciding that her counsel's failure to notify her of the South Carolina Supreme Court's decision with regard to her petition for a writ of certiorari rises above the level of garden variety attorney negligence, see Holland, 130 S. Ct. 2549, McCall has failed to show that she has been diligently pursuing her rights in that she waited for several months after this discovery to file her federal habeas petition. In fact, in a letter dated August 1, 2011, McCall acknowledges that she wrote to the Clerk of Court of the South Carolina Supreme Court and discovered on July 6, 2011 that her case had been decided on May 27, 2010 and the remittitur sent on June 15, 2010. (See ECF No. 23-1 at 3.) McCall has made no argument to explain why she waited until October 6, 2011 to file her federal Petition and has presented no extraordinary circumstances that prevented her from diligently pursuing her rights. Accordingly, this court cannot say that McCall has been pursuing her rights diligently. See Harris, 209 F.3d at 330 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation."); Pace, 544 U.S. at 419 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court)

**D.     Procedural Bar**

Moreover, even if McCall were entitled to equitable tolling, for the reasons stated in the respondent's memorandum, all of McCall's claims are procedurally barred as they were not properly presented to the state appellate courts. (See Respt.'s Mem. Supp. Sum. J. at 11-15, ECF No. 18 at 11-15.) McCall's argument that she presented these issues to the state appellate courts by including them in her motion to file a *pro se* brief and motion to relieve appellate counsel, both of which were denied, is unavailing. Thus, her claims were not properly exhausted and are procedurally barred unless McCall can "demonstrate cause for the default and actual prejudice as a result of the alleged
Page 8 of 10

PJG

violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750 (1991). McCall appears to contend that a fundamental miscarriage of justice will occur because she is actually innocent. However, to establish "actual innocence," a petitioner must produce new evidence that was not available at trial to establish her factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999); see also Schlup v. Delo, 513 U.S. 298, 299, 327-28 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt"). McCall's allegations that the evidence at trial was insufficient to establish her guilt and assertion that she is actually innocent does not satisfy this standard. Royal, 188 F.3d 239.

## RECOMMENDATION

Based upon the foregoing, the court finds that McCall's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 19) be granted and McCall's Petition dismissed as untimely.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 13, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).