IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Karen Ann McCall, #284499, ) | C/A NO. 0:11-2714-CMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Catherine Kendall, Superintendent of ) | |
| Leath Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On September 14, 2012, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and the petition be dismissed as untimely. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on September 27, 2012.[1]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

---

[1] The objections were mailed from the State of New York and were not signed by Petitioner. A letter accompanying the objections, signed by "Mark Marvin," indicated that a separate signature page signed by Petitioner was to follow. On September 27, 2012, the Clerk forwarded a copy of the objections to Petitioner for her signature. On October 3, 2012, the Clerk received a copy of the signature page.

1

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Petitioner fails to show that her petition is either timely filed or that the circumstance warrants an application of equitable tolling.

As noted by the Magistrate Judge, Petitioner was notified no later than July 6, 2011, that the South Carolina Supreme Court had denied her petition for writ of certiorari on June 15, 2010. *See* ECF No. 23-1 at 3 (copy of letter dated August 1, 2011, from Petitioner to PCR Appellate Counsel indicating that "I wrote the Clerk of Court at [the] S.C. Supreme C[ourt] to find out that my case had been decided on May 27, 2010 and Remittitur sent on June 15, 2010. I am just finding this out on *July 6, 2011* . . . .") (emphasis added). However, instead of immediately filing a § 2254 petition in this court, she did not file the current § 2254 petition until October 6, 2011.

Respondent's motion for summary judgment is **granted** and this petition is dismissed as untimely filed.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

2

>(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

                          s/ Cameron McGowan Currie
                          CAMERON McGOWAN CURRIE
                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 4, 2012