IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Karen Ann McCall, #284499, | ) | C/A NO. 0:11-2714-CMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Catherine Kendall, Superintendent of | ) | |
| Leath Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's letter which this court has construed as a motion for reconsideration. ECF No. 45 (filed Oct. 26, 2012). Petitioner contends that the dismissal of her petition as untimely was in error.

On October 17, 2012, Petitioner filed a Notice of Appeal. ECF No. 38. Generally, the filing of a notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals. *See In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir.1991) (citations omitted). However, "a district court does not lose jurisdiction to proceed as to matters in aid of the appeal." *Id.* (citations omitted). The court's remaining jurisdiction is limited to issues which are "uniquely separable" and collateral to the issues involved in the appeal. *See Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 98 (3d Cir. 1988).

In this case, Petitioner seeks to have the court reconsider its ruling on the timeliness of her petition, the very issue which formed the basis of the court's ruling. Therefore, any decision by this court would not be "uniquely separable" from the issues involved in the appeal.

Accordingly, Petitioner's motion for reconsideration is dismissed as this court lacks jurisdiction to entertain it.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
November 8, 2012